Morning, Your Honors. Scott Kalkin for Dr. Dimery. I'd like to reserve five minutes, if I could. Sure. All right. Thank you. Well, I think the big issue in this case, obviously, is what is the proper standard of review that should have been used. That's the only issue, right? Pretty much. There are some sub-issues, but, yeah, that's pretty much why we're here. It's undisputed in this case that the standard did not. That what? I'm sorry? It's undisputed in this case that Reliance Standard, the insurance company, did not decide the case within the initial 45 days. Is that in the plan? Yes, it is. Maybe I should ask it this way. Is it in the plan or the summary? Well, that's one of the sub-issues. But my position is it's in the plan. Two reasons for that. First of all, well, let me back up a second. There's essentially two documents that are relevant to that analysis. One is an insurance policy that appears at ER 1 through 26. The second is a document called the Group Long-Term Disability Insurance Program, which contains a certificate of insurance and a summary plan description that appears at pages 458 through 501. The lower court found, and no one disputed this, that the 45-day time limit contained in the summary plan description, which is, granted, the only place it appears, is a provision of the plan. So that's number one. Let's assume it's in the plan. Okay. What's the consequence under the plan? The consequence under the plan. Does the plan say if you don't do it in 45 days, here's what happens? Not exactly that way. And obviously there's the distinction between the old regs where you had this deemed denied language that's referred to in Jebian and the deemed exhausted language. So in Jebian, the lawsuit was actually filed before the decision was made. So at the time the suit was filed, the only thing there was was a deemed denied. That's true. However, it's my position, based on the logic, your logic in Jebian, is that what's that? Well, my logic in Jebian didn't do very well. Well, I think we ought to clarify it. There isn't much left of it. But the thing is this. This is not a situation where, you know, we added a new reason for denial or something like that. Let me ask you a different question to back up for a minute. Okay. I mean, what happened here was there were a series of extensions to accommodate you. Yes. Right? And you said several times, and of course we'll give a reciprocal extension to the plan. Yes. And then, now, as I understand it, the way that the regs work, strictly speaking, everything would still count from the time of their original decision, and so you wouldn't otherwise have gotten these extensions. In other words, the whole 90 days or the 45 days would have gone from the beginning even if you said I still want to submit more stuff. Right. Right? Without any further discussion, yes, that's true. So then what happens is after you finally get everything that you want, you said, okay, now decide it. Yes. The plan says, in writing as I understand it, well, now we have to go do some stuff. It's going to take a while. Right? They didn't say specifically it's going to take, we don't need an extra 45 days or an extra anything. Right. And maybe to that degree they didn't, but now you're down to a rather tiny noncompliance. Right? I mean, they did say we need more time. They didn't say exactly how much more time. They didn't actually even say they needed more time. What they said was they were going to have this evidence submitted. Right. And when we get this, whatever that is, we'll do it. Okay? And they actually did it, they got the doctor's report 7 days after I submitted it. I'm sorry, they did what? They got the doctor's report. They were talking about 7 days after I submitted what I submitted. But nevertheless, the thing here, going back to the language of the plan, the plan mandates a decision within 45 days, which in my opinion was triggered on November 6th when I told them, please begin your review. But what I'm asking is whether they didn't actually ask for more time. First of all, they don't have to ask for more time. My understanding is they could just declare themselves as more time. I mean, the district judge keeps saying they didn't ask for more time. They don't have to ask for anything. But they do need to set forth under the terms of the plan a special circumstance why they are granting themselves an extension of time. That's required. It's not – it's not – pardon me, but it's not. Well, they had a reason. They had to go get this report. And then they had to consider it. And they did. Okay. But what I'm saying is that this – in other words, that 45-day time limit is akin to essentially – if I would have filed my lawsuit a day of late, we wouldn't be sitting here. I'd be out of court. If they didn't make a decision or give themselves an extension of time as – following the requirements of the rule in that first 45 days, there's simply no valid discretion. I was trying to make clear. As far as I can tell, the only thing that wasn't in compliance with the rule is they didn't say how much time exactly they needed. Not really. They didn't say we're going to take 20 days more or 10 days more. No. In fact, how many days more did they take? They took 64 days total. More? No. Well, hang on a second. Nineteen. So they didn't say we need 19 days more or 20 days more. They just said we need more time. So that was the only mistake as far as I understand it. Let me see if I can find the exact language here. Sorry. It's eluding me at the moment. The fact is they did not ask for an extension of time. The lower court made a finding of fact to that effect. It was never challenged, and there's substantial evidence to support it. Because there's a letter in the record that says that. But he was looking for the wrong thing. He was looking for them asking for time. They don't have to ask for time. You don't have to ask for time. And the district judge could say they never asked for time. Well, they never asked for time, but they did say we're going to take the time. But what about the special circumstance requirement of going beyond the 45 days? I mean, the thing is this. You know, we have these regulations, and from a – I mean, this is all I do, 90 percent of my case load. We have these regulations. People are supposed to comply with them, and what's the point of having them if there's no penalty for not complying with them? Well, that's a good question, but that seems to be the law, unfortunately. Well, maybe it's time to revisit that. Couldn't it be taken into account in assessing whether there was an abuse of discretion, if there was some sort of substantive harm or something? Well, the thing is this. Well, I mean, that's what the Abadie case talks about, is this kind of sliding  in violation of the plan. It doesn't seem to me that's a very clear rule for anybody to follow. And again, here, this is not a situation where it's like, oh, we forgot to consider this one piece of evidence. It's the plan mandates a decision within a particular period of time. If that doesn't happen, there can be no valid exercise of discretion. Of course, they can make a decision, which they did, but it's not a decision that mandates a decision. But this is at least a murky circumstance for such a hard rule, given the fact that they granted you several different extensions. Well, I mean. For several different extensions, and that you said you would give them reciprocal time, and that they. No, that's not what I said, Judge. Well, you said, you did say exactly that. What I said was I would reciprocally extend their time to make a decision as per the DOL regulations, and those contain the 45-day period and all the rest of it we've just been talking about. That's what I said. And, I mean, you can read the letter in the record for yourself, but read the judge's findings to that effect. But the fact is here, I mean, there's a significant amount of prejudice to my client as a result of. What prejudice? Well, the prejudice is this. Every single doctor, their doctors, my doctors, there was just as much evidence in all of their doctors' reports that this woman was in pain, that there was something wrong with her, as there was that, okay, even though she's in pain, she can work. Judge White simply looked for was there essentially, you know, any reasonable basis for reliance coming to the conclusion they came to. He didn't analyze the medical report. What does that have to do with the 19-day delay? Because that's what triggered, had he have ruled that there was a violation of the regulations and I was subject to de novo review, we'd be having a completely different conversation. We might not even be having a conversation about it. But that would have had, then Judge White would have actually reviewed all this evidence with an eye towards does this woman meet the definition of disability. You mean he would have reviewed under de novo review? Exactly. So, I mean, that's my position, and I think, you know, Judge Bergeron is right. It is, it's murky, but it, this is a great opportunity for the Court to clear it up. This is what I, this provision is what I was talking about before. For the purposes of paragraph 1 of this section, i.e., the time period. Period of time within which a benefit determination or review is required to be made shall begin at the time an appeal is filed in accordance with the reasonable procedures of a plan without regard to whether all the information necessary to make a benefit determination or review accompanies the filing. Right. In the event that a period of time is extended as permitted due to a claimant's failure to submit information, the period for making the benefit determination or review shall be told from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information. So you're thinking the second sentence applies to this, and that's why the trigger is when you submitted the information. The trigger was when I sent that November 6th letter saying, here's everything I'm going to give you. Please begin your review. They had 45 days. They had 45 days from that date. And they didn't make a decision or give themselves a request, an extension of time within that 45-day period. Therefore, there was nothing for the lower court to defer to in terms of an exercise of discretion, because the plan took that right away from them. And that's essentially my position. So I'd like to review the rest of my time, unless the Court has any further questions. Thank you. May it please the Court. Good morning. Joshua Bacharach. I represent the appellees in this, Genentech and Reliance Standard. I have a lot of problems with the comments that were made by counsel, because even if you look at the facts and even if you accept the summary plan as being the plan document, the language mirrors the regulations. And in nowhere does it say deemed denied. And that was the key to Jebbian, because in Jebbian it says if you don't do it within this time period, it will be deemed denied. And a deemed denial is not an exercise of discretion. It's a denial based on a time expiration. In this case, we have a decision. We have a decision within 64 days. And that's timely, as I'll point out in a minute. What's important, as Your Honor mentioned, the regulations changed. And now the language is that if it's not made within the allotted time, it's deemed exhausted. What's that mean? That means a claimant can then file suit without having to wait to exhaust their administrative remedies. So in this case, if you even believe counsel's arguments, that after 45 days to try and spin out where we are at this point. Suppose that the facts were the same as in Jebbian, i.e., it was deemed exhausted and they went and they filed. And then you made a decision. Is that entitled to deference? No. No, Your Honor. Because it's — it was — they had the allowability to file suit because they did not make a — there was no decision in time. What matters is what existed at the time the lawsuit was filed. Exactly. And here, there was no lawsuit within that short 19 days. So this is totally different from what we had in Jebbian. And what counsel is actually asking you to do, Your Honors, is to overturn the en banc decision in Abatey v. Alta Health. Well, Abatey didn't deal with timeliness as such. It didn't necessarily deal with timeliness, but it's cited to the Gatti v. Reliance Standard case, which is this issue. And what happened in that case, it was actually over 200 days late, the decision, but there was no lawsuit filed. And they argued for de novo review. And the district court said it was de novo, and the Ninth Circuit reversed, saying that, no, our precedent says that you have to have a flagrant violation that alters the substantive relationship between the parties. So in this 19 days, is that flagrant, a violation? No. Was there any substantive harm? The only harm that counsel has argued here is that, well, if they had made their decision in time, then it would be arbitrary and depreciate. Since they didn't, it's de novo, and under de novo, I might win. But if that's the test, I might win if it's de novo review, then the test in Abatey and the test in Gatti doesn't matter, because everybody's going to get de novo review if it's late. You don't have to look at flagrant violation. You don't have to look at any alteration of the relationship between the parties. But let's look at the relationship between the parties, because this case illustrates the old adage, no good deed goes unpunished. He had 180 days to submit his appeal documentation and needed more time, and my client said yes. Three times my client said yes, take more time. Why? Because that's what you want. This court has said we want a meaningful dialogue between the administrator and the claimants. My client's trying to give a full and fair review, which is under 1133 of the statute. And what's that mean? Well, if you don't have enough information yet, we'll let you submit more. We'll wait until you have enough information. And that came in on November 6th. Ten days later, my client wrote and said, we need additional time because we need to have this stuff looked at and then reviewed by us. Well, they didn't say we need additional time as such. They didn't as such. That may have been the implication, but they didn't exactly say that. They didn't. And your Honor is correct that, you know, looking at the language in the regulation, it does say that you have to state the time in which it will be done. So what do we have there? Maybe we have a violation of the regulation, but we have substantial compliance, and that's what the Gatti case was based on again, that as long as there's substantial compliance without a flagrant violation causing substantive harm, all it's considered and your Honor has just said this. So what do you do with the fact that maybe it's late or maybe they didn't put in the letter what they should have? Well, what you have is something to look at when you're looking at the conflict of interest question. That is what abatis says, that if there's a procedural violation, it's the rare instance where it'll alter the standard of review. Nineteen days. That's not flagrant. Does it make any difference in this case whether the 45 days is in the summary plan description and not in the plan? I think it does because in... Well, it might, except nobody ever brought it up. That's a good point, but the fact is it's the same language as the regulation, so we get to the same point anyway. But, you know, in U.S., I'm sorry, in Cigna v. Amara, the Supreme Court said an SPD is not a planned document. And counsel refers to the McCutcheon case saying, oh, in that case, though, they did consider... That's the way you guys treated the case here. You argued it just as though it was part of the plan. We did because, frankly, it didn't matter. You just treated it that way. Correct. So we should just treat it that way. We should just treat it that way, right? You can, because it truly doesn't matter in this case, because, again, there's no deemed denied language in there. It mirrors the language of the ERISA regulation. In fact, it says we can have additional time, the 45 additional days. And, again, this request for the additional 45 days must be made before the initial 45 days ends. Well, that was done here. And the decision was made within the additional 45 days. It was made on the 64th day. So this is timely. And, again, the whole thing with Jebian, I know counsel, I saw in his brief, he said the deemed denied language in Jebian is unimportant. Unimportant. It was the whole basis for the decision in Jebian, because it said that denial was based on a deemed denial. And in this case, there is no deemed denial. There's no, you know, at best, it's deemed exhausted, but he didn't file suit. So it doesn't matter. So in no way did the, I think, one of the. Just because I'm curious, where does the reg say that it means exhausted? I know they took out deemed denied, but you said they added deemed exhausted. In 2000, the change in 2000 is 29 CFR 2650.103. I can't recall the subsection. It might be H, actually. I think it's H, which deals with review of adverse claim decisions. Okay. And it talks about the deadline to make a decision. And it's interesting, because they specifically, you know, that was a big issue, when they took out the deemed denied language. And they said, we're going to pull that, because we think it's more correct to say that it's deemed exhausted, and that you've exhausted your administrative remedies and can file suit. And again, this planned document, which he's now relying on, doesn't even say deemed exhausted, let alone deemed denied. So all we have is a document that says you have to do it in 45 to 90 days. And that was done here. Anything else? Just briefly, Your Honor, and very briefly, just to talk about the medicals, because he said under de novo review, it would have been different. I strongly disagree. Counsel said that our own doctors supported the disability. I strongly disagree. There was an in-person examination, as Montour Court said is needed in a case. And that one supported the fact that she has sedentary capabilities. There were IME, there was an EMG, which is nerve conduction study, that was done before surgery, which was positive. After surgery, two tests are negative. Straight leg raising tests, negative after surgery. And most important, the Court said, we have the surveillance. And the Court said, based on what she said she couldn't do and what she's seen doing, a reasonable person could say she exaggerated her symptoms. What are we talking about? I can't go shopping in malls. And yet she's there shopping in malls on several occasions, including going to Christmas tree shopping for long periods of time. I can't bend down to pick up items. I need to use a stick. And there she is in the videos, bending down repeatedly. So I don't think the standard of view even matters in a case like this, but clearly Reliance Standard retained discretion under Ninth Circuit law. Thank you. Thank you, Your Honors. I believe you had a minute or two for rebuttal. Three minutes. I'll try to be quick. So what we're really talking to you about under counsel's analysis here is, do they have to comply with the rules in the plan, or do I have to run to the courthouse and who gets there first to file my lawsuit? That's the problem is that Gatti and Abadi seem to answer that question, which is you don't have to comply with the rules. I mean, I understand it's crazy, but it is crazy. But don't they answer the question, including in a non-bank opinion? I'm sorry? Don't they answer the question, i.e., that regulations do not have to be complied with verbatim. They have to be, if there's substantial compliance and nothing really matters. I mean, do you have any prejudice you can point to here? Other than what I've already told you. Or any flagrancy when we're talking about 19 days. And as I understand it, there was at least some notice that there were going to be some violations that would take longer, maybe, that would take as long as they needed. Flagrant or simply a violation is not even a – it's a ridiculous standard. What's the difference between a flagrant violation and a violation if you have to do an act before a particular time? You either do it or you don't. It's not – it's black and white.  That's all I have to say. Thank you. Thank you. Thank you. Thank you, counsel. We appreciate your arguments. The matter is submitted at this time.
judges: Hawkins, Paez, Berzon